RECEIVED
Mailroom

OCT 16 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

Mr. Robert R. Prunty(e)
427 West Hickory Street
Arcadia, Florida 34266
themrmodady@gmail.com
(863) 991-5195

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA DISTRICT COURT

**ROBERT R. PRUNTY(E)**            **CASE NUMBER: 1:25-civ-02376**
**(PLAINTIFF PRO SE)**             **JUDGE: TIMOTHY J. KELLY**

Vs.

**UNIVERSAL MUSIC GROUP, (UMG), et al.**
**(DEFENDANTS)**

**MOTION FOR ALTERNATIVE SERVICE, FORMAL FILING OF THE AMENDED COMPLAINT AND SUMMONS, PROOF OF SERVICE ON (1) ONE PARTY IS INCOMPLETE—JENNER & BLOCK SUCCESSFUL—DUE AND DILIGENT INQUIRIES SHOW SOME RESISTANCE, DESPITE UMG BEING ALSO SERVED WITH PROCESS, THERE IS STILL NO SIGNED PROOF. ALTERNATIVE METHODS OF SERVICE BEING SOUGHT.**

Come now the Plaintiff with its Motion requesting Alternative Methods of Service of Process. After previous Certified mail contacts had with UMG and Jenner & Block, Plaintiff was shocked by the recalcitrance eventually shown by diligent inquiry into the Process where UMG eventually showed recalcitrance when attempting to personally reach them with Service of Process.

At every location the servers were unsuccessful with, that location was already listed as UMG's Registered Agent. Ultimately, process servers were met with unreasonable pretexts and denials. In fact, Plaintiff had already had previous contact with UMG Corporate officers at Corporate Headquarters located at 2220 Colorado Ave., Santa Monica, Ca. 90404, on at least (2) two previous occasions

## DILIGENT INQUIRY

On or about 10/8/2025 at 2:16 PM EDT, UMG was served with process by process server, Ismael Eldeweuk, lic. # 2122832-DCWP. The address was 11 Times Square., New York 10036-6600. Prior to actual service, Process servers were also sent to 151 W. 42nd St., 25th Floor, New York DC 10036-6644. Process server was Micheal Whyte, lic. # 2075574-DCA. Prior to that failed attempt, Process servers were also sent to 4 Times Square. New York 110036 and service was not possible at this location either. The interviewed occupant claimed the servee simply moved. That process server, named Aileen Garay, lic. # 10026, also failed to serve process. Prior to that failed attempt, process was attempted at CT Corporation Systems, 1200 South Pine Island Rd, Plantation Florida 33324, Broward County Florida.

The target company was alleged to have moved. At the first attempt, defendants "Corporate Headquarters" 2220 Colorado Avenue, Santa Monica, Ca. 90404, the interviewed person claimed that the process service was at the wrong address. After (4) four wasted attempts at service of process, that service was accomplished at 11 Times Square., New York, NY, 10036 and still, the process server did not show proof of service, for whatever reason. These myriad efforts by process servers represent a hyper diligent inquiry into attempting to serve UMG with process.

**Documents that accompany this Motion for Alternate Methods of Service are the following:**

**Exhibit A**——Formal Complaint Filed, 10/11/2025

**Exhibit B**——Summons of UMG Inc. Issued 07/24/2025

**Exhibit C**——Summons of Jenner & Block, LLC, Issued 07/24/2025

**Exhibit D**——Signed Proof of Service Affidavit regarding Jenner & Block LLC, signed 06/10/2025 .

**Exhibit E**——Jenner & Block—Evidence Chain

**Exhibit F**——UMG—Evidence Chain

**Exhibit G**——Certified Mail to addresses of UMG and Jenner & Block, LLC

**Exhibit G-1**——Certified Mail to addresses of UMG and Jenner & Block, LLC.

Because Plaintiff has exhausted traditional Service attempts with UMG and made every diligent effort to serve UMG personally, but was unsuccessful, alternate methods of service must be considered and decided upon. Options that should be considered by this Honorable Court are the following:

1.) Substituted Service. This is often used when a defendant is intentionally evading service. In some cases a Court may require service by email or posting the documents on a public place like a Courthouse door, in addition to mailing a copy, Certified Mail, to afford the case a method for achieving Proof of Service of Process.

2.) Alternative or Constructive Service is a method of last resort. Examples include service by publication in a newspaper, or in some cases, email or social media.

3.) Plaintiff would request that Service upon UMG be supported by FRAP Rule 25(a)(2)(A)(ii), and as expected, this Court must illustrate to Plaintiff which method is lawful and expected.

In conclusion, Plaintiff is asking this Honorable Court to select a method of Service that is appropriate and in accord with the Law and Fairness, and any other relief this Honorable Court deems just and proper.

Respectfully;

*[signature]* 10/11/2025

Robert R. Prunty(e)

(Copies of this Motion for Alternate Methods of Service were sent to the following):

1.) Universal Music Group, Inc. 2220 Colorado Avenue, Santa Monica, Ca. 90404

2.) Jenner & Block LLC.

1099 New York Avenue, NW, Suite 900

Washington, D.C. 20001-4412