## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROBERT R. PRUNTY**,
427 West Hickory St.
Arcadia, FL 34266

            Plaintiff,

    v.

**UNIVERSAL MUSIC GROUP,**

**JENNER & BLOCK LLP,**
1099 New York Avenue NW
Suite #900
Washington, D.C. 20001,

     **and**

**"Several Officers Of The Court Who Are Unindicted Conspirator Federal Judges, A Senator, A Congresswoman and Myriad Attorneys**,"

            Defendants.

Case No. 1:25-cv-02376-TJK

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JENNER & BLOCK LLP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT <u>AND FOR INJUNCTIVE RELIEF</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 2

    I.     The Parties ................................................................................................... 2

    II.    Plaintiff's Litigation Campaign Against Defendants................................... 2

ARGUMENT ........................................................................................................................ 5

    I.     The Case Should Be Dismissed Pursuant To Rule 12(b)(5) Because Plaintiff Has Not Served Any Operative Complaint On Jenner.................................... 5

    II.    The Amended Complaint Should Be Dismissed As Frivolous, Because It Is Time-Barred, And For Failure To State A Claim........................................... 6

        A.    Standard Of Review .................................................................... 6

        B.    Counts II, III, V, And VI Must Be Dismissed Because Plaintiff Does Not Have Standing ........................................................................ 7

        C.    Counts II, III, VI, and VII Do Not Relate To Cognizable Causes Of Action ........................................................................................ 9

        D.    All Of Plaintiff's Claims Against Jenner Are Precluded By *Res Judicata* And Collateral Estoppel........................................... 10

        E.    All Of Plaintiff's Claims Are Barred By Applicable Statutes Of Limitations And/Or Laches.......................................................... 14

        F.    In Any Event, Plaintiff's Complaint Fails To State A Claim ................. 17

    III.   Plaintiff Should Be Enjoined From Further Frivolous Litigation................... 21

        A.    Standard Of Review .................................................................... 22

        B.    Plaintiff's Repeated Frivolous Filings Merit Injunctive Relief ............... 22

        C.    The Court Can Narrowly Tailor Injunctive Relief To Halt This Series Of Lawsuits. ................................................................................... 25

CONCLUSION.................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acosta Orellana v. CropLife Int'l,*
    711 F. Supp. 2d 81 (D.D.C. 2010) .........................................................................20

*Allen v. McCurry,*
    449 U.S. 90 (1980) ...................................................................................................10

*Ananiev v. Freitas,*
    37 F. Supp. 3d 297 (D.D.C.) ....................................................................................11

*\*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................6, 7, 17

*Beberman v. Rubio,*
    2025 WL 2531870 (D.D.C. Sept. 3, 2025) ...............................................................2

*\*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .............................................................................................6, 7

*Bode v. Mittage,*
    1990 WL 95639 (D.D.C. June 28, 1990) ................................................................20

*Brown v. Califano,*
    75 F.R.D. 497 (D.D.C. 1977) ....................................................................................7

*\*Caldwell v. Obama,*
    6 F. Supp. 3d 31 (D.D.C. 2013) ................................................................22, 23, 25

*Cannon v. Wells Fargo Bank, N.A.,*
    988 F. Supp. 2d 29 (D.D.C. 2013) .............................................................................9

*Claros v. Marvin's Refrigeration Corp.,*
    2025 WL 2653844 (N.D.N.Y. Sept. 16, 2025) .......................................................19

*Coley v. Bank of Am. Corp.,*
    34 F. Supp. 3d 62 (D.D.C. 2014) .......................................................................7, 17

*De La Fuente v. DNC Servs. Corp.,*
    2019 WL 1778948 (D.D.C. Apr. 23, 2019) ............................................................21

*Drake v. F.A.A.,*
    291 F.3d 59 (D.C. Cir. 2002) ...................................................................................10

*Edwards v. Best Buy Co.*,
  2021 WL 4399562 (D.D.C. Sept. 27, 2021) ........................................................23, 25

*EEOC v. St. Francis Xavier Parochial Sch.*,
  117 F.3d 621 (D.C. Cir. 1997) ..........................................................................7

*Embrey v. United States*,
  2022 WL 392312 (D.D.C. Feb. 9, 2022) ..............................................................6

*Faller v. U.S. Dep't of Justice*,
  2021 WL 4243384 (D.D.C. Sept. 17, 2021) ........................................................19

*Flast v. Cohen*,
  392 U.S. 83 (1968).............................................................................................8

*Fleming v. Medicare Freedom of Info. Grp.*,
  2023 WL 4295519 (D.D.C. June 30, 2023)....................................................18, 19

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
  903 F. Supp. 2d 1120, 1143 (D. Or. 2012) .........................................................9

*Foltz v. United States News & World Report, Inc.*,
  663 F.Supp. 1494 (D.D.C. 1987) ......................................................................18

*Food & Drug Admin. v. All. for Hippocratic Med.*,
  602 U.S. 367 (2024)...........................................................................................8

*Green Aviation Mgmt. Co., LLC v. F.A.A.*,
  676 F.3d 200 (D.C. Cir. 2012) ..........................................................................10

*Greer v. Bowser*,
  2024 WL 4164618 (D.D.C. Sept. 12, 2024) .......................................................13

*GSS Grp. Ltd. v. Nat'l Port Auth. of Liberia*,
  822 F.3d 598 (D.C. Cir. 2016) ..........................................................................13

*Gumpad v. Comm'r of Soc. Sec. Admin.*,
  19 F. Supp. 3d 325 (D.D.C. 2014)..................................................................7, 16

*Hall v. Clinton*,
  285 F.3d 74 (D.C. Cir. 2002) ............................................................................20

*Hall v. McAleenan*,
  2019 WL 2569914 (D.D.C. June 21, 2019).........................................................22

*Henry v. Farmer City State Bank*,
  808 F.2d 1228 (7th Cir. 1986) ..........................................................................11

*Hinton v. Shaw Pittman Potts & Trowbridge*,
257 F. Supp. 2d 96 (D.D.C. 2003) ...................................................................13

*Interstate Fire & Cas. Co. v. 1218 Wisconsin, Inc.*,
136 F.3d 830 (D.C. Cir. 1998) ........................................................................9

*J.H.C. by Clarke v. D.C.*,
2021 WL 4462359 (D.D.C. Sept. 29, 2021) ...................................................9

*Johnson v. Metro. Direct Prop. & Cas. Ins. Co.*,
2019 WL 176851 (D.D.C. Jan. 11, 2019) ......................................................20

*Juliano v. Fed. Asset Disposition Ass'n*,
959 F.2d 1101 (Table), 1992 WL 76922 (D.C. Cir. 1992) ...........................18

*Keister v. Am. Ass'n of Retired Persons, Inc.*,
2023 WL 4541023 (D.C. Cir. July 14, 2023) ................................................10

*Klayman v. Jud. Watch, Inc.*,
2021 WL 602900 (D.D.C. Feb. 16, 2021) .....................................................19

*Kowal v. MCI Commc'ns Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) ......................................................................18

*Larson v. Northrop Corp.*,
21 F.3d 1164 (D.C. Cir. 1994) ......................................................................18

*Lewis v. Drug Enf't Admin.*,
777 F. Supp. 2d 151 (D.D.C. 2011) ..............................................................10

*Lintz v. Credit Adjustments, Inc.*,
2008 WL 835824 (E.D. Mich. Mar. 28, 2008) ..............................................11

*Lockwood v. Bowles*,
46 F.R.D. 625 (D.D.C. 1969) ........................................................................15

*In re Lorazepam & Clorazepate Antitrust Litig.*,
2004 WL 7081446 (D.D.C. May 18, 2004) ...................................................16

*Lujan v. Defenders. of Wildlife*,
504 U.S. 555 (1992) .........................................................................................8

*Magritz v. Ozaukee Cnty.*,
894 F. Supp. 2d 34 (D.D.C. 2012) ................................................................16

*Marsoun v. United States*,
880 F. Supp. 2d 59 (D.D.C. 2012) ..................................................................7

*In re Martin-Trigona*,
   737 F.2d 1254 (2d Cir.1984) ............................................................22

*Mead v. Lindlaw*,
   839 F. Supp. 2d 66 (D.D.C. 2012) ....................................................14

*Mohammed v. Cooper*,
   2023 WL 4547995 (D.D.C. July 14, 2023) .......................................23

*Nader v. Democratic Nat. Comm.*,
   567 F.3d 692 (D.C. Cir. 2009) ..........................................................15

*Newman v. Howard Univ. Sch. of L.*,
   2025 WL 1411093 (D.D.C. May 15, 2025) .......................................20

*Orr v. Beamon*,
   77 F. Supp. 2d 1208 (D. Kan. 1999) ...................................................8

*Page v. United States*,
   729 F.2d 818 (D.C. Cir. 1984) ..........................................................10

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322 (1979) ....................................................................10, 13

*Pate v. Tucker*,
   2007 WL 9780573 (D. Md. Jan. 11, 2007) ...................................21, 24

*Peart v. Latham & Watkins LLP*,
   985 F. Supp. 2d 72 (D.D.C. 2013) ....................................................14

*Perfvwaybelayouix v. Kollar-Kotelly*,
   2023 WL 6291635 (D.D.C. July 28, 2023) ......................................7, 22

*Plotner v. AT & T Corp.*,
   224 F.3d 1161 (10th Cir. 2000) ........................................................11

*In re Powell*,
   851 F.2d 427 (D.C. Cir. 1988) ..........................................................22

*Prunté v. Universal Music Grp.*,
   2009 WL 10697276 (D.D.C. Mar. 25, 2009) .................................23, 25

*Prunté v. Universal Music Grp.*,
   2010 WL 11594865 (D.D.C. Mar. 10, 2010) .....................................25

*Prunté v. Universal Music Grp.*,
   484 F. Supp. 2d 32 (D.D.C. 2007) ...........................................2, 3, 9, 13

v

*Prunté v. Universal Music Grp., Inc.*,
    425 F. App'x 1 (D.C. Cir. 2011)..................................................................3, 14

*\*Prunté v. Universal Music Grp., Inc.*,
    699 F. Supp. 2d 15 (D.D.C. 2010) ..................................................... *passim*

*Prunté v. Walt Disney Co.*,
    2005 U.S. Dist. LEXIS 49974 (D.D.C. Mar. 31, 2005)...........................10, 24

*Prunty v. Agency for Healthcare Admin.*,
    2017 WL 4226533 (M.D. Fla. Sept. 22, 2017) ............................................24

*Prunty v. Arnold & Itkin LLP*,
    753 F. App'x 731 (11th Cir. 2018) ..............................................................24

*\*Prunty v. Vivendi*,
    130 F. Supp. 3d 385 (D.D.C. 2015) .................................................. *passim*

*\*Prunty v. Vivendi*,
    195 F. Supp. 3d 107 (D.D.C. 2016) .............................................1, 4, 24, 25

*Prunty v. Vivendi*,
    2015 WL 13696205 (D.D.C. Nov. 18, 2015) ...........................................4, 23

*Prunty v. Vivendi*,
    2015 WL 13696206 (D.D.C. Oct. 21, 2015) .......................................4, 17, 23

*In re Prunty*,
    2016 U.S. App. LEXIS 2749 (D.C. Cir. Feb. 17, 2016)................................4

*In re Prunty*,
    2016 U.S. App. LEXIS 2760 (D.C. Cir. Feb. 17, 2016)............................4, 23

*Reiner v. Paneth*,
    2025 WL 2783246 (E.D.N.Y. Sept. 30, 2025) .............................................19

*Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*,
    821 F.3d 349 (2d Cir. 2016) ..........................................................................8

*RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*,
    800 F. Supp. 2d 182 (D.D.C. 2011) .............................................................10

*Ruffin v. Gray*,
    443 F. App'x 562 (D.C. Cir. 2011).............................................................16

*Sadiq v. Shulkin*,
    2017 WL 4712079 (D.D.C. May 18, 2017) ...................................................6

*Shabazz v. Graham,*
  2024 WL 643116 (S.D.N.Y. Feb. 14, 2024) ........................................................9

*Sieverding v. Am. Bar Ass'n,*
  439 F. Supp. 2d 111 (D.D.C. 2006) ................................................................19

*Smith v. Scalia,*
  44 F. Supp. 3d 28 (D.D.C. 2014) ..............................................................21, 22

*Sparrow v. Reynolds,*
  646 F. Supp. 834 (D.D.C. 1986) ....................................................................25

*Taylor v. Sturgell,*
  553 U.S. 880 (2008) .......................................................................................11

*Thomas v. News World Commc'ns,*
  681 F. Supp. 55 (D.D.C. 1988) ......................................................................15

*Twist v. Ashcroft,*
  66 F. App'x 207 (D.C. Cir. 2003) ..................................................................19

*United States v. Beggerly,*
  524 U.S. 38 (1998) .........................................................................................19

*United States v. Farrell,*
  563 F.3d 364 (8th Cir. 2009) .........................................................................19

*United States v. Richardson,*
  418 U.S. 166 (1974) .........................................................................................8

*Urban v. United Nations,*
  768 F.2d 1497 (D.C. Cir. 1985) .....................................................................22

*Van Beneden v. Al-Sanusi,*
  12 F. Supp. 3d 62 (D.D.C. 2014) ...................................................................13

*Wallace v. JP Morgan Chase Bank, N.A.,*
  2014 WL 4772029 (E.D. Mich. Sept. 24, 2014) .............................................11

*Warner-Chappell Music, Inc. v. Nealy,*
  144 S. Ct. 1135 (2024) .....................................................................................2

*Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.,*
  892 F.3d 332 (D.C. Cir. 2018) .........................................................................2

**Statutes**

17 U.S.C. § 501(a) ...............................................................................................21

17 U.S.C. § 507(a) ..................................................................................................15

18 U.S.C. § 1581 ....................................................................................................19

18 U.S.C. § 1595(c) ...............................................................................................14

42 U.S.C. § 1981 ....................................................................................................14

42 U.S.C. § 1988 ......................................................................................................4

**Court Rules**

Fed. R. Civ. P. 4(m) .................................................................................................6

Fed. R. Civ. P. 8(a)(2) .............................................................................................7

Fed. R. Civ. P. 9(b) ................................................................................................18

Fed. R. Civ. P. 12(b) ......................................................................................1, 5, 6

Fed. R. Civ. P. 60 ......................................................................................15, 18, 19

D.D.C. Local Civil Rule 5.3 .....................................................................................6

**INTRODUCTION**

Defendant Jenner & Block LLP ("Jenner") hereby submits this motion to dismiss the Amended Complaint.  *See* ECF No. 3 (Am. Compl.).  This action is another unfortunate chapter in what this District has called a "pattern of abusive and meritless copyright litigation" filed by this Plaintiff over many years.  *Prunty v. Vivendi*, 195 F. Supp. 3d 107, 113 (D.D.C. 2016) ("*Prunty Fees Order*").  That pattern includes two prior actions dismissed by courts in this District and involving the same facts.  *Id.* (awarding attorney fees to "deter [this Plaintiff] from filing similar suits in the future").  Plaintiff's sprawling new complaint purports to assert claims against Jenner, "Universal Music Group," and numerous "unindicted co-conspirator" federal judges and members of Congress for causing him to lose two prior cases in this District.[1]  Plaintiff's causes of action are far-fetched and, in some cases, made-up.  They include, among other things, claims for fraud on the court, civil rights violations, peonage, criminal copyright infringement, and conspiracy.  All of these claims are barred by *res judicata*, collateral estoppel, and various statutes of limitations.  As elaborated below, they also suffer from multiple other defects that require dismissal.

The Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In addition, to put an end to Plaintiff's vexatious re-litigation of the same grievances against the same defendants, the Court should issue an injunction barring Plaintiff from filing additional repetitive and time-barred Complaints in connection with these matters.

---

[1] Plaintiff variously describes these parties as a "cabal," a "cartel," and a "secretive, sentient and surreptitious connection." *See* ECF No. 3 (Am. Compl.) at 8, 9.

## FACTUAL BACKGROUND

### I.    The Parties

Defendant "Universal Music Group" appears to be a reference to UMG Recordings, Inc. ("UMG") which is a major music company with associated record labels.[2]   It distributes music from many of the most popular artists in the world.

Defendant Jenner is a law firm that represented UMG in two prior litigations brought by Plaintiff, which arose from the same decades-old allegations of copyright infringement that animate this lawsuit.

Plaintiff Robert Prunty, a.k.a. Prunté ("Plaintiff") is a serial filer of *pro se* lawsuits in this and other courts, including several lawsuits against these defendants.

### II.    Plaintiff's Litigation Campaign Against Defendants

Nearly twenty years ago, Plaintiff filed a complaint in this District against "approximately 45 named defendants," including major music labels and hip-hop artists such as Eminem and Kanye West.  Plaintiff alleged that those defendants had "infringed his copyright in numerous songs that he wrote and produced." *Prunté v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 18 (D.D.C. 2010) ("*Prunty I*").[3]   The court dismissed several frivolous non-copyright claims brought by Plaintiff, including five purported claims under criminal statutes that do not provide for private rights of action.  *Prunté v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007).  The court did not grant a motion to dismiss the copyright claims because it concluded the question of substantial similarity between the works at issue required factfinding and should be addressed at

---

[2] This Motion accepts the Complaint's factual allegations as true, as the law requires.  *See, e.g.*, *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 338–39 (D.C. Cir. 2018). Defendant Jenner & Block LLP does not concede their accuracy.

[3] "The Court may take judicial notice of the dockets in other judicial proceedings" for "facts on the public record . . . when deciding a motion to dismiss."  *Beberman v. Rubio*, 2025 WL 2531870, at *4, n.2 (D.D.C. Sept. 3, 2025) (Kelly, J.) (internal quotation marks omitted).

summary judgment or trial. *Id.* at 41. Over the next several years, Plaintiff proceeded to "clog the court's docket with meritless motions." *Prunty I*, 699 F. Supp. 2d at 20 (cleaned up).

In 2010, the court granted summary judgment for defendants. *See Prunty I*, 699 F. Supp. 2d 15. As to each of fourteen songs by popular artists, Plaintiff had asserted that the combination of "one or two common, unprotectible elements—a word or common phrase, an idea, a *scène à faire*—in the defendants' song that is also present in his own song, often in the title or chorus" constituted copyright infringement. *Id.* at 25. The court disagreed, finding that in each case Plaintiff failed to establish that the popular songs he targeted were substantially similar to any protectible element of his own compositions. *Id.* at 25-30. The D.C. Circuit affirmed, holding in a brief *per curiam* order that "[t]he district court correctly determined that the lyrics of the allegedly infringing songs were not substantially similar to protectible elements of appellant's works." *Prunté v. Universal Music Grp., Inc.*, 425 F. App'x 1, 1-2 (D.C. Cir. 2011). Jenner represented UMG throughout these proceedings.

In 2014, Plaintiff filed another complaint in this District against several of the defendants from *Prunty I*, in addition to defendants' counsel at Jenner and United States District Judge Friedman, who presided over *Prunty I*. *See* Trepp Decl. Ex. C ¶ 13 (2014 Compl.). In his complaint, Plaintiff alleged that the defendants engaged in a racially discriminatory conspiracy that resulted in him losing the *Prunty I* case on summary judgment, and also that the defendants conspired to conceal that Judge Friedman owned an interest in certain mutual funds which allegedly gave him a "financial interest[]" in defendants. *See id.*; *Prunty v. Vivendi*, 130 F. Supp. 3d 385, 388-89 (D.D.C. 2015) ("*Prunty II*"). The court (Judge Mehta) dismissed these claims by Plaintiff as "factually frivolous," and also denied Plaintiff's improperly filed motion to set aside the judgment in *Prunty I*. *Id.* at 388-91& n.4. Plaintiff also brought one additional copyright claim

involving the song "Kingdom" by Common, which was dismissed for failure to state a claim. *Id.* at 390–91.

In a footnote, Judge Mehta mentioned that he "has listened to hip hop for decades and considers among his favorite musical artists, perhaps as a sign of his age, Jay–Z, Kanye West, Drake, and Eminem." *Id.* at 391 n.5. Plaintiff promptly filed a motion demanding that Judge Mehta recuse himself, on the theory that his footnote demonstrated bias in Defendants' favor. The court denied the motion, as well as a motion seeking a new trial on the same basis. *Prunty v. Vivendi*, 2015 WL 13696206 (D.D.C. Oct. 21, 2015); *Prunty v. Vivendi*, 2015 WL 13696205 (D.D.C. Nov. 18, 2015). Finally, the D.C. Circuit denied two follow-up petitions for writs of mandamus based on the same theories. *In re Prunty*, 2016 U.S. App. LEXIS 2760, at *1 (D.C. Cir. Feb. 17, 2016) (denying petition to reopen *Prunty II*); *In re Prunty*, 2016 U.S. App. LEXIS 2749, at *1 (D.C. Cir. Feb. 17, 2016) (denying petition to reopen *Prunty I*).

After the court's decision in *Prunty II*, Defendants moved for an award of attorney's fees. The court found that Defendants' entitlement to an award was "clear," both because Defendants were forced to respond to a frivolous civil rights-styled complaint under 42 U.S.C. § 1988, and because of Plaintiff's long history of filing meritless copyright claims:

> Plaintiff's 15-year-long pattern of abusive and meritless copyright litigation warrants the imposition of an attorney's fee award here. Such an award may deter him from filing similar suits in the future and discourage others from doing the same. . . . Plaintiff is a repeat litigant who did not simply fail to appreciate a "subtle" deficiency in his claim. Rather, in this case, he pressed forward with a new copyright claim on grounds as dubious as the claims he advanced in [*Prunty I*] and in earlier cases.

*Prunty Fees Order*, 195 F. Supp. 3d at 113.

Now, more than fifteen years after commencing *Prunty I*, Plaintiff brings a third frivolous complaint against UMG, Jenner, and various federal officials and judges as "unindicted co-

conspirator[s]."  ECF No. 3 (Am. Compl.) at 1.  In it, Plaintiff claims that Defendants acted together with a "secret alliance" composed of various federal judges and policymakers to defeat his claims in *Prunty I* and *Prunty II*. *Id.* ¶ 5.  In particular, Plaintiff attempts yet again to relitigate the decision of the court in *Prunty I*, with which Plaintiff disagrees.  *Id.* ¶¶ 1b, 2, 4, 7.

Plaintiff has alleged six claims for relief against Jenner:  fraud on the court and fraudulent concealment (Counts II and III), peonage (Count IV), violations of the Fifth and Fourteenth Amendments (Count V), criminal copyright infringement (Count VII), and civil conspiracy to commit all of the above counts (Count VI).  For reasons explained below, all of these claims fail as a matter of law.

**ARGUMENT**

**I.**     **The Case Should Be Dismissed Pursuant To Rule 12(b)(5) Because Plaintiff Has Not Served Any Operative Complaint On Jenner.**

On October 3, 2025, an individual delivered to Jenner a document purporting to be the Amended Complaint in this action.  *See* Trepp Decl. Ex. A (Service Package.).  Upon subsequently reviewing the docket, Jenner determined that the document served upon it is neither the original Complaint nor the currently operative Amended Complaint.  *Compare id.* ¶ 2 (beginning "More specifically, defendants and the unindicted coconspirator Judges also conspiratorially and passively chose. . .") *with* ECF No. 1 (Compl.) ¶ 2 (beginning "Please be advised that the indicted co-conspirator judges, and defendants, and the Senator and the Congresswoman are deemed to be '**Masters of Law**' . . ."); *compare* Trepp Decl. Ex. A (Service Package.) ¶ 1 (beginning "Due to the media using the words 'Cartel' or 'Cabal' so much these days . . .") *with* ECF No. 3 (Am. Compl.) ¶ 1 (beginning "Generally, judges cannot deny Constitutional rights . . .").

As such, Plaintiff has failed without explanation or excuse to effect proper service of any operative Complaint upon Jenner with 90 days of initiating this action, violating Federal Rule of

Civil Procedure 4(m) and Local Rule 5.3.  This is ample reason to dismiss the Complaint, as the

Court has already warned Plaintiff.  *See* Minute Order (Sept. 13, 2025); *see, e.g.*, *Sadiq v. Shulkin*,

2017 WL 4712079, at *1 (D.D.C. May 18, 2017), *aff'd sub nom. Sadiq v. Wilkie*, 2018 WL

3159043 (D.C. Cir. May 31, 2018).  However, a dismissal without prejudice for lack of proper

service might provide only limited relief from Plaintiff's decades-long campaign of frivolous

litigation.  Moreover, all versions of the Complaint suffer from substantially the same defects.

Accordingly, Jenner further addresses the currently operative Amended Complaint.

## II.    The Amended Complaint Should Be Dismissed As Frivolous, Because It Is Time-Barred, And For Failure To State A Claim.

Each of the claims that Plaintiff has alleged against Jenner should be dismissed with

prejudice for multiple reasons.  As explained below, all claims against Jenner are barred by *res*

*judicata* and collateral estoppel, fail to state a claim as a matter of law, and are factually frivolous.

They also are all time-barred by applicable statutes of limitations.  In addition, Counts II, III, V,

and VI fail because Plaintiff lacks standing to sue, and Counts II, III, V, VI, and VII fail for the

additional reason that they do not allege a cognizable claim.

### A.    Standard Of Review

Rule 12(b)(6) requires the court to dismiss a complaint if it fails to state a legal claim upon

which relief can be granted.  *Embrey v. United States*, 2022 WL 392312, at *3 (D.D.C. Feb. 9,

2022).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  And a claim

will only possess the required "facial plausibility" if "the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id*. at 663, 678.  The factual allegations must "permit the court to infer more than the mere

possibility of misconduct." *Id*. at 679. Consistent with this rule, a pleading must offer more than "labels and conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* at 678 (citing *Twombly*, 550 U.S. at 555). "[A] legal conclusion couched as a factual allegation" will not suffice. *Marsoun v. United States*, 880 F. Supp. 2d 59, 63 (D.D.C. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Moreover, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where it instead provides only a "confused and rambling narrative" casting aspersions on various parties, the complaint must be dismissed. *See Coley v. Bank of Am. Corp.*, 34 F. Supp. 3d 62, 66 (D.D.C. 2014); *Perfvwaybelayouix v. Kollar-Kotelly*, 2023 WL 6291635, at *1 (D.D.C. July 28, 2023); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977).

In reviewing this Motion to Dismiss, the Court may consider facts alleged in the complaint; documents attached to, incorporated in, or incorporated by reference in the complaint; documents on which the complaint necessarily relies, even if not produced by the plaintiff; and matters subject to judicial notice. *Gumpad v. Comm'r of Soc. Sec. Admin.*, 19 F. Supp. 3d 325, 328 (D.D.C. 2014); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

**B.    Counts II, III, V, And VI Must Be Dismissed Because Plaintiff Does Not Have Standing**

As a threshold matter, Plaintiff's claims for relief in Counts II, III, V, and VI must be dismissed for lack of standing, because Plaintiff cannot show the requisite injury in fact capable of redress by this Court.

To establish standing, *first*, the plaintiff must have suffered an actual or imminent, concrete and particularized injury—"an invasion of a legally protected interest"; *second*, "there must be a causal connection between the injury and the conduct complained of"; and *third*, the

injury must be capable of redress by the court.  *Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).  Moreover, a plaintiff does not have standing to "employ 'a federal court as a forum in which to air his generalized grievances about the conduct of government or the allocation of power in the Federal System.'"  *United States v. Richardson*, 418 U.S. 166, 173–74 (1974) (quoting *Flast v. Cohen*, 392 U.S. 83, 106 (1968)).

Plaintiff does not meet the minimum bar to establish standing and therefore does not have justiciable claims as to Counts II, III, V, and VI of the Complaint ("Fraud on the Court," "Fraudulent Concealment," "Violations of the 5th and 14th Constitutional Amendments," and "Civil Conspiracy" respectively).  These counts largely allege generalized grievances about the operation of the court system and of copyright law, remarks by a judge that the plaintiff disagreed with, and complaints that his prior cases did not go his way.  *E.g.*, ECF No. 3 (Am. Compl.) ¶ 23 ("This case doesn't involve a single person, but instead every author that comes before this Court for Copyright Infringement"); *id.* ¶ 29 (apparently misquoting Judge Mehta's remark in *Prunty II*, 130 F. Supp. 3d at 391 n.5, regarding being a fan of hip-hop); *id.* ¶ 42 ("The defendants had no business having identical expressions within the chorus lines of the complained of works, and still prevail[ing] on Summary Judgment").  As such they do not reflect a particularized injury to a legal right that is capable of redress by this Court.  Similarly, Plaintiff's claim for civil conspiracy fails for lack of standing to the extent it is based on Plaintiff's underlying tort allegations, which also fail for lack of standing.  *See Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 821 F.3d 349, 351 (2d Cir. 2016) (plaintiffs' civil conspiracy claims failed for lack of standing because plaintiffs did not allege particularized injury from an underlying tort); *Orr v. Beamon,* 77 F. Supp. 2d 1208, 1215 (D. Kan. 1999), *aff'd sub nom. Orr v. BHR, Inc.,* 4 F. App'x 647 (10th Cir. 2001) (finding lack of standing and granting summary judgment on the underlying

torts, and therefore holding that plaintiff's claim for civil conspiracy also failed), *FLIR Sys., Inc.*

*v. Sierra Media, Inc.*, 903 F. Supp. 2d 1120, 1143 (D. Or. 2012) (holding that lack of standing

for other claims left "no underlying claim for [defendants] to have conspired to commit," and

therefore granting summary judgment on civil conspiracy claim).  The Court therefore does not

have jurisdiction to hear these claims and should dismiss them in whole or relevant part.

### C.    Counts II, III, VI, and VII Do Not Relate To Cognizable Causes Of Action

As a court in this District previously held in *Prunty II*, there is no federal cause of action

for "Fraud upon the Court" or "Fraudulent Concealment."  *See Prunty II*, 130 F. Supp. 3d at 389

(citing *Interstate Fire & Cas. Co. v. 1218 Wisconsin, Inc.*, 136 F.3d 830, 836 (D.C. Cir. 1998)

and *Cannon v. Wells Fargo Bank, N.A.*, 988 F. Supp. 2d 29, 31 (D.D.C. 2013)).  Accordingly

Counts II and III of the Complaint—which raise these ostensible causes of action—should be

dismissed.  Civil conspiracy similarly "is not actionable as a stand-alone claim." *J.H.C. by Clarke*

*v. D.C.*, 2021 WL 4462359, at *6 (D.D.C. Sept. 29, 2021), *aff'd*, 2022 WL 16742857 (D.C. Cir.

Nov. 7, 2022).  Moreover, even if it were, to the extent Plaintiff's claim for civil conspiracy is

premised on his claims for fraud on the court and fraudulent concealment in Counts II and III,

the conspiracy also fails to state a cognizable claim and should be dismissed as well.  *Id.*

Additionally, as the court held in *Prunty I*, *criminal* copyright infringement is not a basis

for a *civil* cause of action.  *See Prunté v. Universal Music Group*, 484 F. Supp. 2d at 42 (dismissing

multiple claims based on criminal statutes, including a claim for criminal copyright infringement);

*accord Shabazz v. Graham*, 2024 WL 643116, at *2 (S.D.N.Y. Feb. 14, 2024).  Therefore, Count

VII—which is for criminal copyright infringement—also must be dismissed.  To the extent this

claim could be generously construed as a *civil* copyright infringement claim, it still must be

dismissed as a matter of *res judicata* and collateral estoppel.  *See* Section I(D) *infra*.

9

**D.    All Of Plaintiff's Claims Against Jenner Are Precluded By *Res Judicata* And Collateral Estoppel**

After a court issues a final judgment addressing the merits of a claim, the doctrine of *res judicata* (or "claim preclusion") bars all subsequent claims implicating the same parties—or those in privity with the parties—and the same cause of action. *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)). This bedrock rule is designed to promote reliance on adjudicatory finality, "reliev[ing] parties of the cost and vexation of multiple lawsuits." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). As a court in this District noted when dismissing another of Plaintiff's repetitious copyright campaigns, the rule means that "a plaintiff is not permitted to refile lawsuits making essentially the same allegations" over and over again. *Prunté v. Walt Disney Co.*, 2005 U.S. Dist. LEXIS 49974, at *8-10 (D.D.C. Mar. 31, 2005); *Allen*, 449 U.S. at 94. Whether a cause of action is the "same" for the purposes of claim preclusion turns on whether it involves the "'same nucleus of fact.'" *Keister v. Am. Ass'n of Retired Persons, Inc.*, 2023 WL 4541023, at *2 (D.C. Cir. July 14, 2023) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal quotation marks omitted)). A party cannot circumvent this preclusive effect "by presenting in [a new] action new legal theories for relief." *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 161 (D.D.C. 2011), *aff'd*, 2012 WL 1155698 (D.C. Cir. Mar. 8, 2012); *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 800 F. Supp. 2d 182, 191 (D.D.C. 2011), *aff'd*, 682 F.3d 1043 (D.C. Cir. 2012); *see also Allen*, 449 U.S. at 94 (res judicata precludes parties "from relitigating issues that were *or could have been* raised in [the prior] action" (emphasis added)).

Because Jenner was a defendant in *Prunty II*, in which the court dismissed Plaintiff's claims with prejudice, matters resolved in that case have preclusive effect in this one. *Green Aviation Mgmt. Co., LLC v. F.A.A.*, 676 F.3d 200, 201 (D.C. Cir. 2012) ("dismissal with prejudice

has *res judicata* effect"). Jenner is also entitled to share in the *res judicata* effect of claims previously brought against UMG, because it was in privity with UMG in connection with the prior lawsuits. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Because "[a]ttorneys are considered privies of their clients for the purposes of res judicata," Jenner, which represented UMG in connection with *Prunty I* and *Prunty II*, is in privity with UMG and entitled to share in the preclusive effect of claims that were brought against its client. *See Wallace v. JP Morgan Chase Bank, N.A.*, 2014 WL 4772029, at *4 (E.D. Mich. Sept. 24, 2014) (quoting *Lintz v. Credit Adjustments, Inc.*, 2008 WL 835824, at *4 (E.D. Mich. Mar. 28, 2008)), *aff'd as modified*, 628 F. App'x 940 (6th Cir. 2015); *see also, e.g.*, *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (holding that a law firm's appearance "by virtue of their activities as representatives" of their clients creates privity for purposes of claim preclusion); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (attorneys for bank defendant were in privity with the bank and thus could invoke *res judicata*). Furthermore, the complaint asserts that Jenner and UMG were co-conspirators, which also results in privity for *res judicata* purposes. *See Ananiev v. Freitas*, 37 F. Supp. 3d 297, 310 (D.D.C.), *aff'd*, 587 F. App'x 661 (D.C. Cir. 2014); *see, e.g.*, ECF No. 3 (Am. Compl.) ¶ 79 ("defendants UMG, Jenner & Block, and the unindicted co-conspirator[s] . . . conspired together"); *see also id.* ¶¶ 28, 32, 68, 70, 74, 76, 80.

Counts II and III, for "Fraud upon the Court" and "Fraudulent Concealment," as well as Counts V and VI, which allege due process violations and civil conspiracy, are all expressly based on Plaintiff's disagreement with the court's decision on summary judgment in *Prunty I*. *See, e.g.*, ECF No. 3 (Am. Compl.) ¶¶ 24, 25, 31 (alleging a "secret alliance" between Defendants and "Officers of this Honorable Court" to "ignore the U.S. Supreme Court as well as the Daubert Regime, Fed. R. of Evid. 702 and the Substantial Similarity Regime regarding the inappropriate

use of Summary Judgment"); *see also id.* ¶¶ 42-43.  In sum and substance, all of these claims relate to a purported conspiracy between Defendants, the judges of this Court, and several unnamed elected officials to rule against Plaintiff's copyright claims.  *See id.* ¶¶ 22-45, 56-85; *see also id.* ¶ 31 ("the co-conspirators merely ignored Plaintiff's infringed protected expression under the guise of Summary Judgment"); *id.* ¶ 42 (complaining UMG should not have "prevail[ed] on Summary Judgment" and Defendants "attempted to thwart justice").  To the extent these counts constitute separate, cognizable causes of action at all, *see supra* Section II(C), they derive from precisely the same nucleus of facts as the similar claims Plaintiff lodged in his 2014 complaint, which were dismissed by the court with prejudice in *Prunty II* as "fanciful and fantastic."  *See, e.g.*, Trepp Decl. Ex. C (2014 Compl.) ¶ 16 (alleging Jenner attorney "merely pretended to be a legal combatant, while full knowing of the Judge's pre-disposed intent to intentionally deprive Plaintiff of [his] Song properties"); *id.* ¶ 49 (alleging a "conspiracy" between Judge Friedman, UMG, and Jenner to "allow Defendants to continue profiting from the unlawfully taken works"); *Prunty II*, 130 F. Supp. 3d at 389 (dismissing claims of "Intentional Fraud Upon the Court" and "Fraudulent Concealment" based on "an alleged conspiracy between Judge Friedman and Defendants").

Counts IV and VII, for "Peonage" and "Criminal Copyright Infringement," both derive from Plaintiff's claim that UMG supposedly used his musical works without permission, and—to the best of Jenner's understanding—his dissatisfaction with the resolution of these claims in *Prunty I.  See* ECF No. 3 (Am. Compl.) ¶¶ 47-55, 86-96; *see, e.g.*, *id.* ¶ 49 (alleging UMG used Plaintiff's songs "without ever telling Plaintiff"); *id.* ¶ 95 ("The defendants UMG and their Attorneys Jenner and Block intentionally infringed upon such Copyright for the past (20) twenty years").  Again, all of these matters were resolved conclusively in *Prunty I* and *Prunty II* and cannot be relitigated

here.  *See* Trepp Decl. Ex. B (2006 Compl.) ¶ 1 ("Plaintiff brings this action to stop defendant's brazen extortion and theft of copyright protected expressions"); *Prunty I*, 699 F. Supp. 2d at 22-30 (granting defendants' motion for summary judgment on Plaintiff's copyright claims); Trepp Decl. Ex. C (2014 Compl.) ¶ 16 ("Plaintiff was fraudulently forced to play 'Judicial Charades' . . . merely to hear [Judge] Friedman declare that **NOT ONE** of the (20) twenty songs complained about, were even remotely or substantially similar to Plaintiff's songs"); *Prunty II*, 130 F. Supp. 3d at 388-90 (dismissing claims based on these allegations (internal quotation marks omitted)). Indeed, Plaintiff actually brought a claim for "Criminal Copyright Infringement" in his first lawsuit against UMG, which was dismissed with prejudice.  Ex. B (2006 Compl.) ¶¶ 250-58; *see Prunté v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42-43 (D.D.C. 2007).

Finally, to the extent any of Plaintiff's claims could survive claim preclusion with respect to Jenner, they nevertheless would be effectively barred as a matter of collateral estoppel, or "issue preclusion."  This rule "bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same or different parties."  *Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 99-100 (D.D.C. 2003).  "Collateral estoppel precludes a plaintiff from relitigating identical issues by merely switching adversaries" or advancing different arguments in support of its position.  *Greer v. Bowser*, 2024 WL 4164618, at *2 (D.D.C. Sept. 12, 2024) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979)) (internal quotation marks omitted); *GSS Grp. Ltd. v. Nat'l Port Auth. of Liberia*, 822 F.3d 598, 608 (D.C. Cir. 2016). It applies whenever (1) an issue was contested in a prior litigation by the party to be bound; (2) the issue was actually and necessarily determined in that prior litigation; and (3) preclusion would not "work a basic unfairness to the party bound by the first determination."  *Van Beneden v. Al-Sanusi*, 12 F. Supp. 3d 62, 70 (D.D.C. 2014) (internal quotation marks omitted).

This is a paradigmatic case for the application of collateral estoppel. In *Prunty I*, the parties vigorously contested the issue whether any protected elements from Plaintiff's works were copied in any work by any defendant. The court analyzed each such allegation carefully and found for Defendants on summary judgment, and the D.C. Circuit affirmed. *Prunty I,* 699 F. Supp. 2d at 24–31 (analyzing each of Plaintiff's claims of "substantial similarity" in detail and granting summary judgment to Defendants due to lack of substantial similarity under copyright law), *aff'd*, *Prunté*, 425 F. App'x 1. In *Prunty II*, the parties further contested Plaintiff's allegations regarding a conspiracy among Defendants and judges to defeat his claims, as well as his one newly advanced copyright infringement allegation. The court again found for Defendants on every issue. *Prunty II*, 130 F. Supp. 3d at 389-91 (discussing conspiracy and new copyright claim, then dismissing both for failure to state a claim). It is not unfair to preclude Plaintiff from "continu[ing] to file suit against Defendants with the same fundamentally flawed allegations in hopes of achieving a better result." *Mead v. Lindlaw*, 839 F. Supp. 2d 66, 72 (D.D.C. 2012). If anything, permitting Plaintiff to do so would be inequitable.

> **E.    All Of Plaintiff's Claims Are Barred By Applicable Statutes Of Limitations And/Or Laches**

To the extent the Amended Complaint contains any claims that relate to cognizable causes of action—which is not the case—those claims are clearly barred by applicable statutes of limitations:

- Count I, concerning racial discrimination under 42 U.S.C. § 1981, is directly pled only against UMG. In any event, it relates to events in or about 2003-04, and the applicable statute of limitations is at most four years. ECF No. 3 (Am. Compl.) ¶ 12; *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 85 (D.D.C. 2013).

- Count IV, for peonage, has a ten-year statute of limitations. 18 U.S.C. § 1595(c).

14

According to the complaint, the relevant facts transpired between approximately 2003 and 2006.  ECF No. 3 (Am. Compl.) ¶¶ 48-49.

- Count VII, for criminal copyright infringement, has a five-year statute of limitations.  17 U.S.C. § 507(a).  It explicitly derives from the same decades-old infringement allegations addressed in *Prunty I*. ECF No. 3 (Am. Compl.) ¶ 87 ("Plaintiff owns a valid Copyright in at least (38) thirty-eight original songs that were initially and intentionally infringed by defendants, and a lawsuit ensued in 2006.").

- Count VI, for civil conspiracy, incorporates the statutes of limitations applicable to the underlying torts.  *See Nader v. Democratic Nat. Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009).  It therefore fails for the same reasons Plaintiff's direct claims fail. *See Thomas v. News World Commc'ns,* 681 F. Supp. 55, 73 (D.D.C. 1988) (holding that plaintiff's failure to adhere to "the statute of limitations governing the . . . tort" underpinning their civil conspiracy claim "compel[led]" dismissal).

To the extent Count II, regarding "Fraud upon the Court," and Count III, "Fraudulent Concealment," might generously be construed as "independent actions" within the meaning of Fed. R. Civ. P. 60 to set aside the judgment in *Prunty I*, they also clearly would be barred by the doctrine of laches.  *Lockwood v. Bowles*, 46 F.R.D. 625, 629 (D.D.C. 1969).  Plaintiff knew of his disagreement with *Prunty I* when it was decided over fifteen years ago in 2010, but waited a decade and a half to file this follow-on suit.  That there was no legitimate basis for this lengthy delay is evidenced by the fact that in 2014 Plaintiff actually filed substantially identical claims.  *See Prunty II,* 130 F. Supp. 3d 385, 389–90 (D.D.C. 2015); Trepp Decl. Ex. C (2014 Compl.) ¶¶ 36–42.   In the meantime, witnesses' memories have naturally faded (and indeed, the Jenner attorney who represented UMG in *Prunty I* has departed from the firm).  Where, as here, there is unexcused

delay and prejudice to the opponent arising from that delay, an "independent action" is barred by laches. *Lockwood*, 46 F.R.D. at 629.

Plaintiff's apparent attempt to get around the applicable statutes of limitations by invoking the discovery rule also fails. ECF No. 3 (Am. Compl.) ¶ 93 ("Under the Discovery Rule, . . . Plaintiff just learned of its complete cause of action after extreme Due Diligence and a CNN report of possible corruption at the DC Circuit. This Plaintiff was used as an example by CNN. Therefore, in or around July 2024, Plaintiff Discovered its Cause of Action.").[4] Plaintiff's Amended Complaint claims that in 2024 Plaintiff viewed a "CNN article" which referred to Plaintiff "as an example," and which "spotlighted" "a judge who claimed he didn't need to go by precedent or Court rules, since he knew the music genre as well as the defendants." ECF No. 3 (Am. Compl.) ¶ 10, 29 (also referencing "Case 1:14-cv-02073," *i.e.*, *Prunty II*). Setting aside that Plaintiff's claims replicate claims he has been relitigating for decades, and therefore cannot have been newly 'discovered,' the allegation concerning the CNN article does not implicate any new facts. While the Amended Complaint does not clearly specify the alleged CNN article, it is apparently describing a 2019 biographical article about Judge Mehta, which quotes from his *Prunty II* footnote about being a hip-hop fan and which includes a brief description of that case.[5] *See* Caroline Kelly and Eli Watkins, *Who is Amit Mehta, the judge saying Congress can demand Trump's financial records?*, CNN (May 9, 2019), https://www.cnn.com/2019/05/09/politics/who-

---

[4] Plaintiff was apparently inspired to file this action by the Supreme Court's related decision in *Warner-Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135 (2024), which was issued a few months prior to Plaintiff's purported "discovery" of the CNN article, and which relates to the application of the discovery rule to copyright claims. *See* ECF No. 3 (Am. Compl.) ¶ 100.

[5] The Court may consider documents referenced in the complaint or on which the complaint relies, whether or not attached, *Ruffin v. Gray*, 443 F. App'x 562, 563 (D.C. Cir. 2011); *Gumpad*, 19 F. Supp. 3d at 328, and may in any event take judicial notice of news articles, *see Magritz v. Ozaukee Cnty.*, 894 F. Supp. 2d 34, 35 n.1 (D.D.C. 2012); *In re Lorazepam & Clorazepate Antitrust Litig.*, 2004 WL 7081446, at *1 n.3 (D.D.C. May 18, 2004).

is-judge-amit-mehta-dc-district-court.  Not only did Plaintiff have prior notice of this information concerning the content of the opinion in *Prunty II*, he unsuccessfully sought Judge Mehta's disqualification on the basis of the footnote quoted in the article *more than a decade ago*.  *Prunty v. Vivendi*, 2015 WL 13696206 (D.D.C. Oct. 21, 2015).  In short, Plaintiff had access to all relevant information about his claims long before 2024.

> **F.    In Any Event, Plaintiff's Complaint Fails To State A Claim**

Even setting aside the foregoing dispositive deficiencies, none of Plaintiff's claims can survive a motion to dismiss because none of them contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Instead, the Amended Complaint presents a "confused and rambling narrative" that must be dismissed.  *See Coley*, 34 F. Supp. 3d at 66.  As an initial matter, the case caption does not identify with specificity whom all of the parties are, referring to "several officers of the court who are unindicted co-conspirator federal judges, a senator, a congresswoman and myriad attorneys."  ECF No. 3 (Am. Compl.) at 1.  In any event, the bulk of the complaint is directed to vague warnings of a "Cartel or Cabal" of "Courthouse Cronies" who enforce a "secret policy" that "lets the guilty get away and forces the Court to operate outside the law."  *Id.* ¶¶ , 4c, 23, 32; *see, e.g.*, *id.* ¶ 30 (alleging that "[t]he Senator and the Congresswoman merely played musical chairs with Federal Judges in the case"); *id.* ¶ 81 ("The Senator and the Congresswoman stepped outside their boundaries when they removed Federal Judges from the bench and replaced them with Activist Judges who merely made a mockery of the Law and the Plaintiff.").  Apart from this rhetoric, the complaint does not provide notice of any specific actions taken by Jenner that could plausibly give rise to relief.  At most, it suggests that Jenner participated in UMG's defense against Plaintiff's copyright claims.

As discussed above, Counts II and III, for "Fraud on the Court" and "Fraudulent Concealment," are not cognizable civil claims. *See supra* Section II(C). Assuming *arguendo* they were, they would be subject to the general rule that fraud allegations must be pled with particularity. *See Prunty II*, 130 F. Supp. 3d at 389; *see generally* Fed. R. Civ. P. 9(b); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994) (pleader "must state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud"). Here, Plaintiff does not allege with particularity any misrepresentation by Jenner. Instead, Plaintiff attempts to shoehorn his disagreement with the decisions of the court in *Prunty I* into a fraud claim, writing that defendants "fail[ed] to disclose, in writing, the rejection of the . . . 'Substantial Similarity Regime'" . . ., the Daubert Regime and the Regime of Fed. R. Of Evidence 702." ECF No. 3 (Am. Compl.) ¶ 40.

These conclusory allegations do not come close to meeting the requirement that a party pleading fraudulent concealment demonstrate, through fact allegations, "'(1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrong-doing and that (2) [Plaintiff was] not on actual or constructive notice of that evidence, despite (3) their exercise of due diligence.'" *Larson v. Northrop Corp.*, 21 F.3d 1164, 1172 (D.C. Cir. 1994) (quoting *Foltz v. United States News & World Report, Inc.,* 663 F.Supp. 1494, 1537 (D.D.C. 1987)); *see Juliano v. Fed. Asset Disposition Ass'n*, 959 F.2d 1101 (Table), 1992 WL 76922, at *1 (D.C. Cir. 1992) (plaintiff's failure to "allege any specific acts" giving rise to a cognizable fraud claim rendered his "allegations against the individual defendants [] not merely insufficient; [but] nonexistent.").

To the extent Counts II and III can be construed as "independent actions" within the meaning of Federal Rule of Civil Procedure 60, they fail for the same reason *and* because they cannot approach the "demanding standard" for such a claim. *Fleming v. Medicare Freedom of*

*Info. Grp.*, 2023 WL 4295519, at *3 (D.D.C. June 30, 2023).  Plaintiff fails to allege facts satisfying the elements of a Rule 60 independent action: "(1) the judgment should not, in equity and good conscience, be enforced; (2) a good defense exists; (3) fraud, accident, or mistake prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of any adequate remedy at law." *Id.* at *2 (quoting *Sieverding v. Am. Bar Ass'n*, 439 F. Supp. 2d 111, 114 n.1 (D.D.C. 2006)).  Most critically, "a grave miscarriage of justice" would not result if Plaintiff's prior frivolous claims were not reopened, which requires rejection of the claim.  *Twist v. Ashcroft*, 66 F. App'x 207 (D.C. Cir. 2003) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)); *Fleming*, 2023 WL 4295519, at *3.  Indeed, no injustice at all would arise from declining to reopen the long-settled judgments in *Prunty I* and *Prunty II* based on conclusory and unsupported allegations of fraud.  Rather, Plaintiff seeks precisely what a Rule 60 "independent action" does *not* allow: "the relitigation of issues" that have already been resolved.  *Fleming*, 2023 WL 4295519, at *3 (quoting *Klayman v. Jud. Watch, Inc.*, 2021 WL 602900, at *5 (D.D.C. Feb. 16, 2021)).

Count IV claims that Defendants, including Jenner, held Plaintiff in "peonage" within the meaning of 18 U.S.C. § 1581.  However, there is simply no allegation in the Complaint that anyone—let alone Jenner—held Plaintiff against his will and forced him into involuntary servitude, or that they did so in order to satisfy any debt.  *See Faller v. U.S. Dep't of Justice*, 2021 WL 4243384, at *11 (D.D.C. Sept. 17, 2021); *United States v. Farrell*, 563 F.3d 364, 372 (8th Cir. 2009); *see also Reiner v. Paneth*, 2025 WL 2783246, at *17 (E.D.N.Y. Sept. 30, 2025); *Claros v. Marvin's Refrigeration Corp.*, 2025 WL 2653844, at *6 (N.D.N.Y. Sept. 16, 2025) (dismissing claim of peonage for failure to state a claim of "involuntary servitude"); *see especially Prunty v. Arnold & Itkin LLP,* 753 F. App'x 731, 736-37 (11th Cir. 2018) (rejecting peonage claim by

19

Plaintiff).  Instead, Plaintiff alleges that "UMG was merely stealing original songs" from Plaintiff.
ECF No. 3 (Am. Compl.) ¶ 53.  That allegation sounds in copyright infringement, not peonage.

Count V, involving alleged Fifth and Fourteenth Amendment due process violations, fails
on its face because Jenner is not a government entity.  *See Bode v. Mittage*, 1990 WL 95639, at *1
(D.D.C. June 28, 1990).  Moreover, the Complaint contains *no* allegation that Jenner took *any*
action in connection with the alleged constitutional violations, which boil down to the complaint
that Judges Friedman and Mehta were not "neutral in [their] decision making," and that Plaintiff
did not receive sufficient "notice and . . . opportunity to be heard" in the prior cases (even though
those cases were decided with the benefit of full briefing.  ECF No. 3 (Am. Compl.) ¶ 59.

Count VI claims Jenner is liable for civil conspiracy.  But Plaintiff has alleged *no facts
demonstrating* the existence or establishment of an agreement (as distinct from mere conclusory
allegations that an agreement existed), which is fatal to the claim.  *Johnson v. Metro. Direct Prop.
& Cas. Ins. Co.*, 2019 WL 176851, at *4 (D.D.C. Jan. 11, 2019); *see also Newman v. Howard
Univ. Sch. of L.*, 2025 WL 1411093, at *9 (D.D.C. May 15, 2025) (dismissing conspiracy claim
for failure to plead "allegations about when or how such an agreement was brokered" or to "allege
the existence of any events, conversations, or documents indicating that there was ever an
agreement or meeting of the minds between any of the defendants" (quoting *Acosta Orellana v.
CropLife Int'l*, 711 F. Supp. 2d 81, 113 (D.D.C. 2010)).  Moreover, as the Complaint itself
acknowledges, civil conspiracy is not an independent cause of action, but a method for assigning
vicarious liability for an underlying tort.  ECF No. 3 (Am. Compl.) ¶ 67; *see Hall v. Clinton*, 285
F.3d 74, 82 (D.C. Cir. 2002).  Thus, the claim also fails because Plaintiff has not plausibly alleged
any underlying tort.  In particular, notwithstanding its heading, the conspiracy claim appears to be
entirely derivative of Counts II and III for fraud on the court and fraudulent concealment.  Again,

these are not cognizable claims.  *See supra* Section II(C).

To the extent the conspiracy claim could be interpreted as relating to Plaintiff's race discrimination claim against UMG, it fails because that claim is barred by the statute of limitations.  *See supra* Section II(E).  It also fails because Plaintiff in any case alleges (1) no facts that give rise to a plausible inference of race discrimination by anyone, *see De La Fuente v. DNC Servs. Corp.*, 2019 WL 1778948, at *7-8 (D.D.C. Apr. 23, 2019); *cf. Prunty II*, 130 F. Supp. 3d at 388 (dismissing claims based on "naked assertions of racially motivated judicial decision-making"); *Pate v. Tucker*, 2007 WL 9780573, at *6 (D. Md. Jan. 11, 2007) (granting summary judgment for defendant as to Plaintiff's discrimination claims against neighbor, which were wholly unsupported), and (2) no facts regarding any involvement by Jenner in the pre-litigation conduct described in Count I.

Lastly, Count VII asserts that Jenner is liable for criminal copyright infringement. However, there is no allegation whatsoever that *Jenner* violated Plaintiff's rights in any protected works.  *See* 17 U.S.C. § 501(a); *id.* § 506(a).  Nor does the complaint identify the works in question or set forth facts describing how Plaintiff's rights in those works were infringed.  To the extent the claim is premised on prior claims, those fail for the reasons detailed by the court in *Prunty I* (and, with respect to one song, in *Prunty II*); because they are time-barred; and because there is no private right of action for criminal copyright infringement.  *Prunty I*, 699 F. Supp. 2d at 25-30; *Prunty II*, 130 F. Supp. 3d at 390-91; *see supra* Sections II(C), II(E).

## III.    Plaintiff Should Be Enjoined From Further Frivolous Litigation

Where, as here, "there appears to be no end in sight" to Plaintiff's attempts to relitigate his long-ago rejected copyright claims "unless an injunction is issued," it is appropriate for the Court to issue an appropriately tailored injunction to prevent ongoing harassment of the parties and courts. *Smith v. Scalia*, 44 F. Supp. 3d 28, 47 (D.D.C. 2014) (K. B. Jackson, J.), *aff'd*, 2015 WL

13710107 (D.C. Cir. Jan. 14, 2015).

### A.    Standard Of Review

This Court is no stranger to prolific *pro se* litigants "flooding the court with meritless, fanciful claims." *See Urban v. United Nations*, 768 F.2d 1497, 1499 (D.C. Cir. 1985) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).  Recognizing the need to balance access to the courts with the preservation of the sound and efficient administration of justice, courts in this District apply a three-step process before issuing an injunction limiting future filings. *See Smith*, 44 F. Supp. 3d at 46.  *First*, the court affords the litigant notice and an opportunity to be heard on the subject of potential filing restrictions or other injunctive remedies; *second*, the court assesses the numerosity and content of the litigant's filings; and *third*, the court makes findings as to the frivolous or harassing nature of the litigant's actions. *Id.* (citing *Caldwell v. Obama*, 6 F. Supp. 3d 31, 50 (D.D.C. 2013)); *see also Perfvwaybelayouix v. Kollar-Kotelly*, 2023 WL 6291635 (D.D.C. July 28, 2023), at *2; *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

### B.    Plaintiff's Repeated Frivolous Filings Merit Injunctive Relief

Plaintiff's conduct easily clears the bar for an appropriately tailored pre-suit injunction.

*First*, "there can be little question that [Plaintiff] has been given appropriate notice" of the possibility of an injunction, as the matter has been raised in this motion, and Plaintiff has the opportunity to respond in his opposition to this motion. *See Hall v. McAleenan*, 2019 WL 2569914, at *3 (D.D.C. June 21, 2019); *Perfvwaybelayouix*, 2023 WL 6291635, at *2 (D.D.C. July 28, 2023) ("Notice in the form of an opposing party's motion, and an opportunity to be heard in the form of the opportunity to file a responsive opposition, are sufficient."); *Smith*, 44 F. Supp. 3d at 47 (holding defendants' motion to dismiss provided "ample notice").

*Second*, Plaintiff is a prolific filer of both frivolous complaints and frivolous motion

papers,[6] warranting an appropriately tailored injunction. There is no minimum threshold of past filings that warrants a pre-filing injunction. Instead, this Court has looked to whether the filings are repetitive, duplicative, and/or potentially self-perpetuating—and has held that even a relatively small number of frivolous filings, which merely rehash meritless claims for which prior rulings have offered reasoned final judgments, merits a pre-filing injunction. *Caldwell*, 6 F. Supp. 3d at 50; *see, e.g.*, *Edwards v. Best Buy Co.*, 2021 WL 4399562, at *8 (D.D.C. Sept. 27, 2021), *aff'd*, 2022 WL 566484 (D.C. Cir. Feb. 22, 2022) (imposing pre-filing injunction upon plaintiff's fourth filing of similar complaints). The Court may look to "the totality of Plaintiff's conduct in this District and elsewhere." *Mohammed v. Cooper*, 2023 WL 4547995, at *3 (D.D.C. July 14, 2023).

Here, Plaintiff has filed three repetitive complaints against (largely) the same defendants, each of which has attempted to litigate the same failed copyright claims, and which have included spurious allegations against law firms and members of the judiciary. These cases, furthermore, involved many frivolous motions filed by Plaintiff. Those motions further burdened the parties and the courts, prompting Judge Friedman to warn Plaintiff to stop "clogging this Court's docket with meritless motions" lest the court "consider barring him from filing *any* papers without first obtaining leave to do so." *See Prunté v. Universal Music Grp.*, 2009 WL 10697276, at *1 (D.D.C. Mar. 25, 2009) (denying seven motions filed by Plaintiff); *see also, e.g.*, *Prunty I*, 699 F. Supp. 2d at 18 (discussing "two plainly frivolous motions" Plaintiff had filed); *Prunty v. Vivendi*, 2015 WL 13696206 (D.D.C. Oct. 21, 2015) (motion for recusal because, among other things, Judge Mehta had stated he listened to popular hip-hop artists); *Prunty v. Vivendi*, 2015 WL 13696205, at *1

---

[6] "Even if the number of suits is limited, a deluge of frivolous motions can also support a pre-filing injunction." *Hall v. McAleenan*, 2019 WL 2569914, at *3 (D.D.C. June 21, 2019).

(D.D.C. Nov. 18, 2015) (motion seeking "new trial" on same basis); *In re Prunty*, 2016 U.S. App. LEXIS 2760, at *1 (D.C. Cir. Feb. 17, 2016) (denying writ of mandamus seeking recusal and "new trial").  Ultimately, after resolving *Prunty II* and denying Plaintiff's follow-on motions, Judge Mehta awarded attorney fees to the defendants specifically in response to Plaintiff's "pattern of abusive and meritless copyright litigation" in hopes that it would "deter him from filing similar suits in the future." *Prunty Fees Order*, 195 F. Supp. 3d at 113.  Unfortunately, this deterrent has not been sufficient.

Plaintiff also has engaged in extensive, largely frivolous litigation against others, including:

- At least six copyright infringement lawsuits against the Walt Disney Company, accumulating as codefendants various "co-conspirator" judges and judicial circuits, *see Prunté v. Walt Disney Co.*, 2005 U.S. Dist. LEXIS 49974, at *1-7 (D.D.C. Mar. 31, 2005) (recounting procedural history before dismissing sixth complaint);

- Repeated actions against Florida government entities which were dismissed in every case based on his refusal to exhaust administrative remedies, notwithstanding the court's repeated instruction to do so, *see Prunty v. Agency for Healthcare Admin.*, 2017 WL 4226533, at *1 (M.D. Fla. Sept. 22, 2017), *aff'd sub nom. Prunty v. Desoto Cnty. Sch. Bd. & Dist.*, 738 F. App'x 648 (11th Cir. 2018);

- At least one action against a group of attorneys alleging a conspiracy to subject him to involuntary servitude by way of not adequately prosecuting a separate claim, *see Prunty v. Arnold & Itkin LLP,* 753 F. App'x 731 (11th Cir. 2018) (affirming dismissal); and

- At least one action against Plaintiff's then-landlord and neighbor alleging racial discrimination without any support. *Pate v. Tucker*, 2007 WL 9780573, at *6 (D. Md. Jan. 11, 2007) (granting defendants' motions to dismiss and for summary judgment).

*Third* and finally, Plaintiff's conduct in the UMG cases and elsewhere has consistently involved frivolous, repetitive claims, motions, and allegations against the judicial system. Repeatedly re-launching the same attacks on the same parties, with the addition of officials involved in an official capacity in the prior suit, is a classic justification for a pre-filing injunction. *See Caldwell*, 6 F. Supp. 3d at 51-52. The frivolous and burdensome nature of the filings themselves leads to the same conclusion. In the UMG cases alone, courts have explicitly held Plaintiff's various filings to be "baseless," *Prunté v. Universal Music Grp.*, 2009 WL 10697276, at *1 (D.D.C. Mar. 25, 2009); "plainly frivolous," *Prunty I*, 699 F. Supp. 2d at 18; "factually frivolous," *Prunty II*, 130 F. Supp. 3d at 388; "seemingly calculated to frustrate the progress of these proceedings" *Prunté v. Universal Music Grp.*, 2010 WL 11594865, at *1 (D.D.C. Mar. 10, 2010); and "abusive and meritless," *Prunty Fees Order*, 195 F. Supp. 3d at 113. This is precisely the type of "continuous pattern of groundless and vexatious litigation" that can necessitate injunctive relief. *Sparrow v. Reynolds,* 646 F. Supp. 834, 839 (D.D.C. 1986).

### C.    The Court Can Narrowly Tailor Injunctive Relief To Halt This Series Of Lawsuits.

When courts impose pre-filing injunctions, they may tailor such injunctions to limit the imposition upon the plaintiff. In this case, Jenner respectfully requests an injunction barring Plaintiff from filing any new actions related to or arising out of *Prunty I, Prunty II*, this litigation, or the operative facts alleged in the complaints in such proceedings. *Cf. Edwards*, 2021 WL 4399562, at *9 (enjoining plaintiff "from filing new actions in U.S. District Courts arising from the incident" that gave rise to plaintiff's multiple suits).

### CONCLUSION

For the foregoing reasons, Jenner asks the Court to dismiss the Complaint with prejudice, and to enter an injunction barring Plaintiff from filing additional repetitive, time-barred

Complaints in connection with this matter.

Dated: October 24, 2025                    Respectfully submitted,

                                           */s/ Alex S. Trepp*
                                           Alex S. Trepp (#1031036)
                                           JENNER & BLOCK LLP
                                           1099 New York Ave., NW, Suite 900
                                           Washington, DC 20001
                                           Tel: (202) 639-6000
                                           Fax: (202) 639-6066
                                           ATrepp@jenner.com

                                           *Attorney for Defendant Jenner & Block LLP*

26

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF filing system.  Additionally, on the same day, I caused a copy of the foregoing document to be mailed to Plaintiff Robert R. Prunty at his mailing address on record with the Court by certified mail.

*/s/ Alex S. Trepp*
Alex S. Trepp (#1031036)
JENNER & BLOCK LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
Fax: (202) 639-6066
ATrepp@jenner.com

27