**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ROBERT R. PRUNTY,**
427 West Hickory St.
Arcadia, FL 34266

Plaintiff,

v.

**UNIVERSAL MUSIC GROUP,**
2200 Colorado Avenue
Santa Monica, CA 90404

**JENNER & BLOCK LLP,**
1099 New York Avenue NW
Suite #900
Washington, D.C. 20001,

**and**

**"Several Officers Of The Court Who Are Unindicted Conspirator Federal Judges, A Senator, A Congresswoman and Myriad Attorneys,"**

Defendants.

Case No. 1:25-cv-02376-TJK

**JENNER & BLOCK LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT**

# CONTENTS

INTRODUCTION .....1

ARGUMENT .....1

I. Plaintiff's Proposed Motion Is Premature .....1

II. Plaintiff's Proposed Motion Is Duplicative. .....2

III. Plaintiff's Proposed Motion Is Clearly Meritless. .....3

CONCLUSION .....4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comm. on Ways & Means v. U.S. Dep't of the Treasury*,
2019 WL 4094563 (D.D.C. Aug. 29, 2019) ....................2

*Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*,
2011 WL 10959877 (D.D.C. Apr. 8, 2011) ....................2

*Hourani v. Mirtchev*,
2011 WL 13247491 (D.D.C. July 13, 2011) ....................2

*Page v. Biden*,
2021 WL 311002 (D.D.C. Jan. 29, 2021) ....................2

**Prunty v. Vivendi*,
130 F. Supp. 3d 385 (D.D.C. 2015) ....................3

**In re Prunty*,
2016 U.S. App. LEXIS 2749 (D.C. Cir. Feb. 17, 2016) ....................3

*Zavadovsky v. Rabl*,
2025 WL 2466024 (D.D.C. Aug. 27, 2025) ....................2

**Statutes**

28 U.S.C. § 455 ....................4

**Court Rules**

Local Civ. R. 26.1 ....................3

## INTRODUCTION

Plaintiff seeks leave to file another motion in this litigation: his eleventh in three months. In Plaintiff's previous motions, and in the Amended Complaint, Plaintiff levied meritless accusations of bias and collusion between Defendants and various judges. *See, e.g.*, ECF Nos. 13, 15, 16, 17, 28, 34, 35, 36, 37, 38 (motions claiming Judge Friedman, Judge Mehta, and this Court are corrupt); ECF No. 3 (Am. Compl.) ¶ 5 (complaining of "secretive liaison" between Defendants and "Courthouse Comrades"). The proposed Motion for Summary Judgment does the same. In it, Plaintiff alleges that four judges in this District—Judges Friedman, Mehta, Kelly, and Boasberg, whom Plaintiff labels the "Nefarious Four"—created a "bribery-like vise" by allegedly concealing certain financial interests. *See* ECF No. 44-1 (Pl.'s Proposed SJ Mot.). at 1-2.

Plaintiff's motion for leave should be denied. There is no reason for the parties to engage in summary judgment briefing now, before an answer has been filed, while motions to dismiss are pending, and while this Court is considering Plaintiff's pending motion to recuse. *See* ECF No. 38 (Pl.'s Refiled 144/455 Mot.). The justification for such a motion is particularly lacking where Plaintiff's motion relies on contentions that are insufficient to state a claim and will be disputed. *See* ECF No. 7 (Jenner MTD); ECF No. 19 (UMG MTD). Indeed, all of Plaintiff's contentions are meritless for reasons Defendants have explained at length elsewhere. *See, e.g.*, ECF No. 43 (Defs.' Joint Opp To Recusal Mot.); ECF No. 31-1 (Jenner Stay Br.). Pursuant to this Court's January 16, 2026 minute order, which directs Plaintiff not to file any further motions or materials on the docket without leave of Court, Plaintiff's motion for leave should be denied.

## ARGUMENT

### I. Plaintiff's Proposed Motion Is Premature.

Plaintiff's motion for leave to file a motion for partial summary judgment should be denied because it was filed before resolution of any of the threshold issues in the case, including

Defendants' motions to dismiss and Plaintiff's motions to transfer to another venue or Judge. Courts in this District routinely stay, deny, or defer motions for summary judgment that are filed before threshold issues, such as jurisdiction, venue, or other motions to dismiss, are resolved. *See, e.g.*, *Zavadovsky v. Rabl*, 2025 WL 2466024, at *4 (D.D.C. Aug. 27, 2025) ("[R]uling on a motion for partial summary judgment while motions to dismiss are still pending is not in the interest of judicial economy."); *Comm. on Ways & Means v. U.S. Dep't of the Treasury*, 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019) ("This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment."); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) (noting that "suspending briefing of the summary judgment motion will allow the Court to manage the orderly disposition of this case," including by resolving pending motions to dismiss); *see also Page v. Biden*, 2021 WL 311002, at *2 n.4 (D.D.C. Jan. 29, 2021) ("[T]he Court stayed briefing on the summary judgment motion pending resolution of the . . . motion to dismiss. Because the Court now grants the motion to dismiss, [the] motion for summary judgment will be denied." (citation omitted)). The Court should not permit Plaintiff to file this motion prematurely.

## II. Plaintiff's Proposed Motion Is Duplicative.

Plaintiff has filed numerous other motions—several of which are already stayed or pending—that raise the same allegations of judicial bias and conspiracy that Plaintiff seeks to raise in his motion for summary judgment. It is not in the interest of judicial economy to permit Plaintiff to continue filing iterations of the same motion while motions that will dispose of the underlying issues are already pending before the Court. *Cf. Hourani v. Mirtchev*, 2011 WL 13247491, at *1 (D.D.C. July 13, 2011) (staying proceedings pending resolution of motions to dismiss, which could "dispose of the case," in the interest of conserving judicial resources and avoiding waste of time).

The Court should decline to permit Plaintiff to continue filing additional motions that merely repeat the same contentions as other previously submitted motions.

**III. Plaintiff's Proposed Motion Is Clearly Meritless.**

Plaintiff's proposed motion for summary judgment argues that the judges who have presided over his seriatim copyright suits—Judge Friedman, Judge Mehta, and now this Court—are party to a corrupt conspiracy to defeat his copyright claims. *See* ECF No. 44-1 (Pl.'s Proposed SJ Mot.) at 1-2. This claim was dismissed when Plaintiff raised it against Judge Friedman a decade ago, *see Prunty v. Vivendi*, 130 F. Supp. 3d 385, 389-90 (D.D.C. 2015); *In re Prunty*, 2016 U.S. App. LEXIS 2749, at *1 (D.C. Cir. Feb. 17, 2016), and it is no more meritorious today. *See* ECF No. 43 (Defs.' Joint Opp. To Recusal Mot.) at 14-36.

One allegation in Plaintiff's latest brief could be considered new: he now claims that Chief Judge Boasberg is "implicated in the huge Unconscionable Scheme."[1] ECF No. 44-1 (Pl.'s Proposed SJ Mot.) at 6. Like Plaintiff's other accusations, however, this latest allegation rests on unsupported and insufficient claims about connections between entities named in the Chief Judge's financial disclosures and UMG's former parent company Vivendi. *Id.* at 7-8; *see* ECF No. 43 (Defs.' Joint Opp. To Recusal Mot.) at 22-32 (explaining why Plaintiff's theory does not raise any suspicion of impropriety). Further, Plaintiff faults Chief Judge Boasberg for recusing himself from

[1] Plaintiff also appears to accuse nonparty Vivendi of impropriety for not mentioning UMG on its corporate disclosure forms in Plaintiff's second lawsuit. *See* ECF No. 44-1 (Pl.'s Proposed SJ Mot.) at 6-7. This allegation lacks merit for at least two reasons. *First*, under what was then Local Rule 7.1 (now codified at Local Rule 26.1), Vivendi was only required to identify affiliates with "outstanding securities in the hands of the public"; since UMG was a wholly-owned subsidiary of Vivendi at the time, it need not have been disclosed. *See* Matthew Garrahan et al., *Vivendi urged to spin off Universal Music*, CNBC (Mar. 24, 2015), https://www.cnbc.com/2015/03/24/vivendi-urged-to-spin-off-universal-music.html. *Second*, the explicit purpose of this rule "is to enable the judges of this Court to determine the need for recusal." Local Civ. R. 26.1. Since UMG was already a party to Plaintiff's lawsuit, Judge Mehta would have been well aware if he needed to recuse.

Plaintiff's second copyright lawsuit, ECF No. 44-1 (Pl.'s Proposed SJ Mot.) at 6-7, which would have been the appropriate step to take if he *did* have a disqualifying conflict. *See generally* 28 U.S.C. § 455.

There is no need to require the parties to brief a summary judgment motion when all of Plaintiff's contentions are fatally flawed as a matter of law. Granting Plaintiff leave would only waste the resources of all parties and this Court.

**CONCLUSION**

The Court should deny Plaintiff's motion for leave. In the event Plaintiff is permitted to file his Motion for Summary Judgment, the Court should set a response date only after the pending Motions to Dismiss are resolved.

Dated: February 13, 2026

Respectfully submitted,

*/s/ Alex S. Trepp*

Alex S. Trepp (#1031036)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
Fax: (202) 639-6066
ATrepp@jenner.com

*Attorney for Defendant Jenner & Block LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2026, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF filing system. Additionally, on the same day, I served a copy of the foregoing document on Plaintiff Robert R. Prunty via email and pursuant to the parties' agreement regarding service.

*<u>/s/ Alex S. Trepp</u>*
Alex S. Trepp (#1031036)
JENNER & BLOCK LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
Fax: (202) 639-6066
ATrepp@jenner.com